UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENRAT D. HENRY,<br><br>Petitioner,<br><br>v.<br><br>DAVID SHOOK,<br><br>Respondent. | Case No. C26-5409-JHC-SKV<br><br>REPORT AND RECOMMENDATION |

On April 20, 2026, Petitioner Benrat Henry submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he indicated that he was in pretrial detention at the Clark County Jail. *See* Dkts. 1, 8. Petitioner alleged in his petition that in March 2026, he was arraigned without qualified counsel and was held in custody for seven days without an attorney. Dkt. 8 at 6. Petitioner asked that this Court dismiss his pending charges or, in the alternative, release him on personal recognizance pending his trial. *Id*. at 7.

After reviewing the petition, this Court, on June 15, 2026, issued an Order directing Petitioner to show cause why this action should not be dismissed on abstention and/or exhaustion grounds. Dkt. 9. The Court explained that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of

irreparable harm is both great and immediate. *Id*. at 1- 2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Court further explained that *Younger* abstention appeared to apply in this instance because Petitioner's state court criminal proceedings were ongoing and implicated important state interests, because there was no apparent reason Petitioner could not bring his claims in state court, and because Petitioner's claims pertaining to the adequacy of the representation he had been afforded in his criminal case could effectively enjoin his ongoing state criminal proceeding. *See id.* at 2.

The Court went on to advise Petitioner that even if he could demonstrate his claims fell within an exception to the *Younger* abstention doctrine, that showing would not be enough to entitle him to proceed with this action. Dkt. 9 at 2. The Court explained that state court prisoners are typically required to exhaust state judicial remedies prior to seeking federal habeas relief, and that his materials did not demonstrate that he had exhausted such remedies or that special circumstances warranted this Court's intervention even absent exhaustion. *Id.* at 2-3.

Petitioner was directed to respond to the Order to Show Cause within thirty days and was advised that his failure to timely respond would result in a recommendation that this action be dismissed. Dkt. 9 at 3. To date, Petitioner has filed no response to the Order to Show Cause, though he has had ample time to do so, and his petition and this action should therefore be dismissed.

A state court prisoner seeking federal habeas relief may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner makes no such showing here and, thus, he is not entitled to a certificate of appealability.

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus and this action be dismissed without prejudice. The Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 8, 2026**.

DATED this 18th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge